UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM MYRICK,

    Plaintiff,

vs.                                         Case No. 3:04-cv-653-J-16MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

**THIS CAUSE** is before the Court on Plaintiff William Myrick's Complaint (Doc. No. 1), seeking judicial review of an administrative decision denying his application for Social Security benefits.[1] The Court has thoroughly reviewed the record, the briefs and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED and REMANDED** for further findings consistent with this Memorandum Opinion and Order.

**I.    PROCEDURAL HISTORY**

Plaintiff applied for a period of disability and disability insurance benefits (DIB) on February 6, 2002, alleging he became unable to work on September 1, 2001.[2] (Tr. 59-51). The Social Security Administration denied Plaintiff's application initially and upon

---

[1]The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. No. 6.

[2]Plaintiff subsequently amended his alleged onset date to February 10, 2002. (Tr. 13, 200-201).

reconsideration. (Tr. 35-41). Plaintiff subsequently filed a timely request for a hearing on the matter. (Tr. 34). Plaintiff's request was granted and a hearing was conducted by an administrative law judge ("ALJ") on August 19, 2003. (Tr. 198-239).

The ALJ issued a decision on January 27, 2004, concluding Plaintiff was not disabled. (Tr. 9-17). Under sections 216(I) and 223, respectively, of the Social Security Act, the ALJ further concluded Plaintiff was not entitled to a period of disability or DIB. Id. Plaintiff filed a timely request for review by the Appeals Council which was denied on June 10, 2004. (Tr. 5-8). Consequently, the ALJ's January 27, 2004 decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.955, 404.981. Plaintiff then filed a timely Complaint (Doc. No. 1) in the United States District Court on August 5, 2004.

## II. NATURE OF DISABILITY CLAIM

### A. The Complaint

Plaintiff claims to be disabled since September 1, 2001, due to a back injury accompanied by continuing back and leg pain. In his memorandum in support of the Complaint (Doc. No. 9), Plaintiff argues the ALJ failed to properly consider his subjective complaints of pain and therefore erred in finding Plaintiff's testimony not fully credible. Additionally, Plaintiff contends the ALJ failed to articulate adequate reasons for discrediting his pain testimony. Accordingly, Plaintiff requests the Commissioner's final decision be reversed and the matter remanded for the payment of benefits.

In response, the Commissioner argues her final decision is supported by substantial evidence. The Commissioner maintains the ALJ properly considered

Plaintiff's subjective complaints of pain as well as the objective medical evidence presented.  The Commissioner further maintains the ALJ properly found that Plaintiff failed to demonstrate the severity of his impairments precludes his ability to perform all types of work.  The Commissioner therefore requests her final decision be affirmed.

### B.     Summary of the Evidence Before the ALJ

Plaintiff was born August 24, 1955, and was 47 years of age at the time the ALJ conducted the administrative hearing.  (Tr. 49, 202).  Plaintiff possesses a high school education and has completed approximately two years of college.  (Tr. 203).  Plaintiff's past relevant work includes employment as a condominium resident manager, a custom door builder and a material handler.  (Tr. 16, 67, 94).

By way of summary, the record reveals the following relevant medical evidence.  After reviewing MRI results of Plaintiff's lumbar spine, Dr. James M. Grimes, Plaintiff's treating physician, opined Plaintiff suffered generalized spinal stenosis and disc degeneration at L1-2, L4-5 and L5-S1.  (Tr. 123).  Dr. Grimes recommended an oral anti-inflammatory medication and epidural steroid injections as treatment options for Plaintiff's symptoms.  Id.  Plaintiff began taking the anti-inflammatory medication and received injections on December 23, 1999; January 13, 2000; and February 2, 2000.  (Tr. 120-122).  Plaintiff reported the treatment provided temporary relief; however, he continued to experience lower back and leg pain.  (Tr. 120).  On February 23, 2000, in addition to Plaintiff's lower back pain, Dr. Grimes noted Plaintiff had regressed to consistent left leg pain.  (Tr. 119).  Plaintiff subsequently underwent a discogram, performed by Dr. Jyoti Patel, which revealed no evidence of disc pathology.  (Tr. 117).

Subsequent MRI reports reveal Plaintiff suffered a central to posterolateral right herniated disc at L5-S1 with thecal sac compromise and possible bilateral nerve root encroachment; bulging discs at L2-3 through L5-S1; lumbar stenosis; osteoarthritic disease of the lumbar spine; and bilateral bony formaminal compromise most prominent bilaterally at L4-5 and L5-S1.  (Tr. 109-110, 115).  On January 11, 2001, Dr. Grimes recommended Plaintiff be treated with additional epidural steroid injections.  (Tr. 107).  After receiving injections on January 18, 2001; February 8, 2001; and March 22, 2001, Plaintiff reported that he had greatly improved and that he was able to work 8 hours per day. (Tr. 103-106).  Plaintiff further reported he continued to experience lower back pain.  (Tr. 103).

On August 29, 2001, Thomas S. Edwards, M.D., a consulting physician, completed a physical residual functional capacity assessment to aid in determining whether Plaintiff was capable of performing work-related activities.  Based upon his review of the administrative record, Dr. Edwards opined Plaintiff could: (1) lift 20 pounds occasionally and 10 pounds frequently; (2) stand, walk or sit for 6 hours with normal breaks; (3) push and pull with no limitations; (4) occasionally climb, stoop, kneel, crouch and crawl; and (5) frequently balance.  (Tr. 133-137).  Dr. Edwards noted the severity of Plaintiff's symptoms posed a definite limitation on his ability to perform work-related activities; however, Plaintiff was not totally disabled.  (Tr. 138).  Likewise, on April 11, 2002, Donald W. Morford, M.D. completed a second physical residual functional capacity assessment.  Based upon his review of the record, Dr. Morford offered a substantially similar opinion of Plaintiff's exertional limitations.  (Tr. 141-148).

On February 20, 2002, Plaintiff sought a second opinion regarding his lower back pain from Tod Northrup, D.O., a board-certified orthopedic surgeon. (Tr.151). Based upon his examination, Dr. Northrup opined Plaintiff suffered a herniated disc at L5-S1 with bilateral nerve encroachment and bulging discs at L2-3 and L4-5. Dr. Northrup prescribed Medrol and Lortab and advised Plaintiff to consider physical therapy as well as additional epidural steroid injections as treatment options. (Tr. 151). With the use of Medrol, Plaintiff initially experienced an improvement followed by a recurrence of his symptoms. (Tr. 150). Based upon his examination on April 22, 2002, Dr. Northrup further opined Plaintiff demonstrated signs of sciatic tension. Id.

Dr. Grimes subsequently referred Plaintiff to Arnold Graham Smith, M.D., a board-certified orthopedic surgeon, for operative intervention. (Tr. 188). On June 18, 2002, based upon his examination, Dr. Smith found that at least two of Plaintiff's lumbar discs were permanently damaged. (Tr. 187). Dr. Smith opined the discs could be stabilized through spinal fusion; however, declined to perform the procedure because Plaintiff had no medical insurance and could not pay the costs associated with treatment. (Tr. 187).

Dr. Northrup subsequently referred Plaintiff to Dr. Bao T. Pham for pain management. The record reflects Dr. Pham treated Plaintiff's back, leg and hip pain from January 4, 2003 until July 8, 2003 through the use of prescription pain relievers. (Tr. 165-184).

**C.     Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. § § 404.1520, 416.920.

First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).

In this case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  At step two, the ALJ found Plaintiff had a herniated disc at L5-S1, a severe impairment within the meaning of the Regulations.  At

step three, the ALJ found Plaintiff's impairment was not severe enough to meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before moving to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC").  See 20 C.F.R. § 404.1520(a)(4)(iv).  RFC is an administrative assessment of the extent to which an individual's medically determinable impairments, including any related symptoms, such as pain, cause physical or mental limitations on his ability to do work-related activities.  See SSR 96-8p.

In determining Plaintiff's RFC, the ALJ considered the medical evidence provided by Plaintiff's treating physicians.  (Tr. 16).  The ALJ found the opinions of Plaintiff's treating physicians fully credible and assigned the opinions great weight.  Id.  The ALJ further found the consulting physicians' assessments of Plaintiff's functional limitations consistent with the medical evidence presented and, therefore, assigned weight to those opinions as well.  Id.  Based upon the foregoing, the ALJ determined Plaintiff could: (1) lift or carry 20 pounds occasionally and 10 pounds frequently; (2) sit up to two hours; and (3) walk or stand up to six hours.  Accordingly, the ALJ found Plaintiff retained the RFC to perform the full range of light work.

At step four, based upon her assessment of Plaintiff's RFC, the ALJ found Plaintiff's impairments did not prevent him from doing his past work as a condominium resident manager and machine operator.[3]  (Tr. 16).  The ALJ therefore concluded Plaintiff was not disabled.

---

[3] The Dictionary of Occupational Titles defines "machine operator" as a semi-skilled, light occupation and "condominium resident manager" as a skilled, light occupation.

### III.  ANALYSIS

#### A.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995), citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**B.    Issue Presented**

Plaintiff argues the ALJ failed to evaluate his allegations of pain in accordance with applicable Social Security Regulations and the Eleventh Circuit's three-part "pain standard. Pain is a non-exertional impairment. Foote, 67 F.3d at 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, 67 F.3d at 1560, quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Pain alone can be disabling, even when its existence is unsupported by objective evidence, Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on

substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  Foote, 67 F.3d at 1561-62; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

In this case, the ALJ found Plaintiff suffered a herniated disc at L5-S1, a severe impairment within the meaning of the Regulations.  Accordingly, Plaintiff's back injury evidences an impairment which meets the second prong of the Eleventh Circuit's pain standard as an objectively determined medical condition of such severity that could produce his alleged pain.  Upon direct examination, Plaintiff testified he experiences numbness associated with pain in his lower back, hips and legs.  (Tr. 212).  Plaintiff further testified the pain affects his ability to sit, stand, walk and concentrate.  (Tr. 212-215).

In her findings, the ALJ states "claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision."  (Tr.17).  Based upon the Court's review however the ALJ's decision provides absolutely no assessment of Plaintiff's allegations of pain.  Although the ALJ cited the Eleventh Circuit "pain standard" and discussed the medical evidence presented at length, pursuant to 20 C.F.R. § 404.1528, she was also required to consider all of Plaintiff's statements about his symptoms, including pain, and determine the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence.  In this case, it appears the ALJ simply failed to do so.

Moreover, Social Security Ruling 96-7p and 20 C.F.R. 404.1529(c) and 416.929(c) recognize that a claimant's statements about symptoms often suggest a greater level of impairment than can be shown by objective medical evidence alone.  In such cases, the ALJ <u>must</u> consider the following factors, in addition to the objective medical evidence, when assessing the credibility of a claimant's statements:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measure other than treatment the individual uses or has used to relieve pain or other symptoms;

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p; 20 C.F.R. §§ 404.1529(c); 416.929(c).

Plaintiff testified that he is unable to sustain gainful employment due to the constant back and leg pain he experiences; yet, the ALJ relied on the consulting physicians' opinion that Plaintiff is capable of performing light duty work.  This matter therefore represents a case where Plaintiff's statements about his symptoms suggest a level of impairment greater than supported by the objective medical evidence

considered. As such, the ALJ should have taken into account the factors set forth in SSR 96-7p in making her credibility determination.

If the ALJ did in fact consider Plaintiff's subjective complaints of pain in accordance with the Eleventh Circuit "pain standard" as well as the factors outlined in SSR-96-7p, it is not apparent from her decision. The Court is therefore unable to determine whether the Commissioner's decision is supported by substantial evidence. Accordingly this matter is **REMANDED** for further findings. The ALJ is instructed to reconsider Plaintiff's complaints of pain and clarify the basis of her decision. In doing so, the ALJ should be mindful of the aforementioned standards of the Eleventh Circuit and the requirements of SSR 96-7p. If the ALJ finds that Plaintiff's testimony is not fully credible, she must clearly articulate specific reasons which are supported by substantial evidence in the record.

## IV.    CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to enter judgment pursuant to sentence four, 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** this matter for findings regarding Plaintiff's allegations of pain and any additional matter deemed appropriate. Thereafter, the Clerk is directed to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 23rd day of September, 2005.

*Monte C. Richardson*

**MONTE C. RICHARDSON**
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party